ALMON, Justice.
Earl C. Jones brought an action against the City of Dothan and James W. Grant III, E. E. Bentley, Raimon G. Thomas, John C. Glanton, Jr., and Michael D. Oliver, in their official capacities as mayor and governing body of the City of Dothan, to require specific performance of an alleged contract for the sale of land or in the alternative damages. The trial court granted defendants’ motion for summary judgment. We affirm.
Jones desired to purchase certain property owned by the City of Dothan. He attended, on June 27, 1978, a regular meeting of the Board of Commissioners of the City of Dothan. He expressed to the Commissioners his desire to purchase the property for $45,000 and that he would need time to make financial arrangements. The Commissioners agreed to his request and asked that he present a written offer to purchase this property at the July 11, 1978, board meeting. The minutes of the June 27 meeting were signed by each Commissioner and the Mayor, as were the minutes of all board meetings.
*464 On July 11, 1978, Jones presented the Commissioners with a check in the amount of five hundred dollars intended as a binder for the sale of the property. This check was never cashed.
At the July 11 meeting Commissioner Thomas retracted his statements concerning the property made in the June 27 meeting and recommended that bids be solicited for the sale of the property. Mayor Grant stated that the property could be sold without advertising for bids because it was no longer needed by the City, and Commissioners Oliver and Bentley said that the $45,000 purchase price was fair. Mayor Grant then made a request that a resolution for the sale of the property be drawn for consideration by the Commissioners at the next regular meeting. This resolution was to state that the remaining balance owed on the transaction was to be paid on or before September 29, 1978.
At the July 25 meeting, the Commissioners refused to sell the property to Jones, stating that no resolution authorizing such sale had been passed.
Jones further alleges that prior to the July 11 meeting Commissioners Oliver, Bentley and Thomas, individually promised to sell the land to him.
Jones appeals, asserting error in the granting of summary judgment and subsequent entry of final judgment for the defendants. He contends the trial court misconstrued Code 1975, §§ 8-9—2(5); 11-47-5; and 11—47-20.
Code 1975, § 8—9—2(5) states:
In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
# * # * * *
(5) Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller; .
Jones contends the statute was complied with by the defendants’ signing of the minutes of those meetings in which the sale of the property was considered. We disagree. The minutes of these meetings merely illustrate the negotiations between the parties. There was no intent by the defendants to reach a binding agreement until, as stated in the minutes of the July 11 meeting, a resolution had been passed. Moreover, Jones never went into possession of the land.
Code 1975, § 11^7-5, reads:
Contracts entered into by a municipality shall be in writing, signed and executed in the name of the city or town by the officers authorized to make the same and by the party contracting. In cases not otherwise directed by law or ordinance, such contracts shall be entered into and executed by the mayor in the name of the city or town and all obligations for the payment of money by the municipality, except for bonds and interest coupons, shall be attested by the clerk. This section shall not be construed to cover purchases for the ordinary needs of the municipality.
Jones alleges that equity and good conscience should imply a promise by the municipality to carry out its alleged agreement. In Alford v. City of Gadsden, 349 So.2d 1132 (Ala.1977), this Court found that a municipality may be estopped to deny a contract executed by its commissioners despite the fact that this contract was not properly entered into. The doctrine of es-toppel is inapplicable here. No illegal contract was ever entered into. We therefore find § 11—47-5 to gbvern this situation.
Before real property may be sold, Code 1975, § 11-47-20 requires an ordinance finding that the property is no longer needed for public purposes. No such ordinance was ever adopted. The mayor, at the June 27 meeting, stated this property was no longer needed; however, this statement clearly does not meet § 11-47-20 requirements.
*465 Jones has failed to state a genuine issue of material fact under any cognizable theory of law. Therefore, the trial court’s entry of summary judgment was correct. The final judgment for the defendants is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.